**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4286
_____

UNITED STATES OF AMERICA

v.

GARY WILLIAMS,
                    Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
(D.C. No. 1-12-cr-00011-001)
District Judge: Richard G. Andrews
_____

Submitted Under Third Circuit LAR 34.1(a)
September 26, 2013
_____

Before: CHAGARES, VANASKIE, and SHWARTZ, Circuit Judges.

(Filed: October 3, 2013)
_____

OPINION
_____

SHWARTZ, Circuit Judge.

Gary Williams pled guilty to possession of a firearm by a convicted felon and was

sentenced to prison for 45 months. Williams now appeals from the District Court's

judgment of conviction and sentence. His counsel has moved to withdraw under Anders v. California, 386 U.S. 738 (1967). For the reasons that follow, we will grant counsel's motion to withdraw and affirm Williams's conviction and sentence.

I.

As we write principally for the benefit of the parties, we recite only the essential facts and procedural history. On January 24, 2012, a confidential informant told a Wilmington police officer that an individual known as "Fish," later identified as Williams, was inside a residence at 513 East 8th Street and possessed marijuana and a handgun. Later that day, officers provided the informant with two twenty-dollar bills with recorded serial numbers, with which the informant was to purchase marijuana from Williams. Officers observed Williams return to the residence and then quickly leave. Officers executed a search warrant at the residence, where they found the informant, one or more other individuals, and two vials of marijuana. Officers stopped Williams and found eight bags of marijuana totaling eight grams, $265 in cash (including the two recorded twenty-dollar bills), and a loaded handgun.

Williams was charged with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Williams entered a guilty plea and was thereafter sentenced to 45 months of imprisonment followed by 3 years of supervised release.

Williams now appeals, and his counsel has filed a motion to withdraw accompanied by a brief pursuant to <u>Anders</u>. Williams was given an opportunity to file a pro se brief, but he elected not to do so.

## II.[1]

When counsel submits an <u>Anders</u> brief, the Court must determine: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." <u>United States v. Youla</u>, 241 F.3d 296, 300 (3d Cir. 2001). Where an <u>Anders</u> brief initially appears to be adequate on its face, the appellate court is guided in reviewing the record by the <u>Anders</u> brief itself. A complete "scouring of the record" is unnecessary. <u>Id.</u> at 300-01.

## A.

With respect to counsel's fulfillment of the <u>Anders</u> requirements, counsel's brief is sufficient if it: (1) satisfies the Court that counsel has thoroughly examined the record in search of appealable issues, <u>Youla</u>, 241 F.3d at 300; (2) identifies any issues arguably supporting the appeal even though the appeal was wholly frivolous, <u>Smith v. Robbins</u>, 528 U.S. 259, 282-85 (2000); and (3) explains why the issues are frivolous, <u>United States v. Marvin</u>, 211 F.3d 778, 780-81 (3d Cir. 2000). All three elements are satisfied here. First, counsel's brief demonstrates a thorough examination of the record. Williams entered a guilty plea that fully complied with Fed. R. Crim. P. 11 and so any arguments

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We exercise jurisdiction pursuant to 28 U.S.C. § 1291.

on appeal are appropriately limited to sentencing issues, which the brief properly addresses. Second, the brief identifies and appraises two potential issues on appeal, namely: (1) whether Williams properly received a four-level enhancement for possession of a firearm in connection with another felony; and (2) whether Williams' within-Guidelines sentence is procedurally and substantively reasonable. Third, as discussed further below, counsel's brief accurately and eloquently explains why these issues are frivolous in light of the governing law and applicable standards of review.

For these reasons, counsel's brief is sufficient, and we therefore proceed in our review based on the content of the Anders brief itself.

B.

None of the issues raised in the Anders brief is nonfrivolous. First, any argument concerning the applicability of the four-level enhancement for possession of a firearm in connection with the commission of another felony is frivolous.[2] The District Court applied a four-level enhancement under U.S.S.G. § 2K2.1(b)(6) because it found by a preponderance of the evidence that Williams possessed a firearm in connection with drug distribution. The District Court found that Williams was involved in drug trafficking based in part on the evidence that: (1) Williams was found with eight individually packaged bags of marijuana, $265 in cash, and a loaded firearm; (2) the $265 included

_____

[2] We review the District Court's factual findings supporting a sentencing enhancement for clear error. United States v. Grier, 475 F.3d 556, 570 (3d Cir. 2007) (en banc). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. (internal quotation marks and alterations omitted).

4

two twenty-dollar bills that the police had provided to the confidential informant for the purpose of buying marijuana from Williams; and (3) law enforcement considered the informant reliable, and the informant indicated that Williams had been selling marijuana. Fully cognizant of Williams' arguments that (1) the informant had not turned the marijuana he purchased over to the police; (2) the marijuana found near the informant in the residence was packaged differently than that on Williams' person; and (3) Williams had explained that the marijuana on his person was for personal use, the District Court nonetheless concluded that the evidence was sufficient to show that Williams was engaged in drug distribution, not possession for personal use. His possession of the firearm together with his participation in a drug trafficking offense gives rise to the presumption "that [the] firearm in relatively close proximity to drugs [was] used in connection with the offense." United States v. West, 643 F.3d 102, 110 (3d Cir. 2011) (internal quotation marks omitted). For these reasons, it was not clear error to find that Williams engaged in drug distribution and that the firearm he possessed was used in connection with that offense. Thus, any argument challenging the four-level enhancement is frivolous.

Second, any argument concerning the procedural or substantive reasonableness of Williams' sentence is frivolous.[3] As to procedural reasonableness, the District Court properly followed the three-step sentencing process outlined in United States v. Gunter,

---

[3] We review the reasonableness of a sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 45-46 (2007).

5

462 F.3d 237, 247 (3d Cir. 2007). First, the District Court calculated Williams' advisory Sentencing Guidelines range and assigned an offense level of 21 and a criminal history category of II, resulting in an advisory imprisonment range of 41-51 months. Second, the District Court confirmed that there were no motions for departure. Finally, the District Court considered the sentencing factors under 18 U.S.C. § 3553(a) and Williams' request for a variance, including the nature and circumstances of the offense, his history and characteristics, and the objectives of sentencing. The sentence was therefore procedurally reasonable.

As to substantive reasonableness, the District Court imposed a sentence within the advisory Guidelines range that was "premised upon appropriate and judicious consideration of the relevant factors." United States v. Schweitzer, 454 F.3d 197, 204 (3d Cir. 2006). The Court considered Williams' explanation for his crime, the seriousness of his offense, his criminal history (including the fact that he had twice shot his cousin), his difficult childhood and lack of education, his need for the structure that prison provides, the need to protect the public, and the need for deterrence. The Court then imposed a sentence that, in its reasonable judgment, was sufficient but not greater than necessary to achieve the purposes of sentencing. Any argument that this sentence was an abuse of discretion is therefore frivolous.

### III.

For the foregoing reasons, we will affirm Williams' conviction and sentence and grant his counsel's motion to withdraw.